UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Honda Aircraft Company, LLC<br><br>                Plaintiff,<br><br>vs.<br><br>Jet It, LLC<br><br>                Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Honda Aircraft Company, LLC ("Honda Aircraft") hereby submits this Complaint against Defendant Jet It, LLC ("Jet It") and alleges as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Honda Aircraft is a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in Greensboro, North Carolina. The sole member of Honda Aircraft is American Honda Motor Co., Inc., a corporation organized and existing under the laws of the State of California and having its principal place of business in Torrance, California.

2. Jet It is a limited liability company organized and existing under the laws of the State of Delaware and which, upon information and belief, is authorized to do business in North Carolina. The members of Jet It are Glenn Gonzales, Jeffrey Harris, and Vishal Hiremath, who are all citizens of Guilford County, North Carolina.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because the sole member of Plaintiff Honda Aircraft is diverse from the individual members of Defendant Jet It and the amount in controversy and the pecuniary effect of the relief sought substantially exceeds the jurisdictional amount of $75,000.00.

4. Venue is proper under 28 U.S.C. § 1391 because Jet It and its members reside in this District, and because a substantial part of the events or omissions giving rise to this action occurred in this District. Venue further is proper because Honda Aircraft and Jet It executed a valid and enforceable contract which contains a forum selection clause stating that the parties consent and irrevocably submit to the exclusive jurisdiction of the state and federal courts located in Guilford County, North Carolina.

## GENERAL ALLEGATIONS

5. Honda Aircraft is the manufacturer of HondaJet aircraft, which it distributes for sale through various channels throughout the United States and the world.

6. Jet It is a fractional jet ownership company that has previously acquired multiple HondaJet brand aircraft over the past several years and which, upon information and belief, currently owns and operates approximately 20 HondaJet aircraft.

7. On October 6, 2022, Honda Aircraft and Jet It entered into a HondaJet Fleet Purchase Agreement ("FPA") setting forth certain terms and conditions under which Honda Aircraft would sell, and Jet It would purchase, three HondaJet HA-420 aircraft. A true and accurate copy of the FPA, which has been redacted in part for confidentiality purposes, is attached to this Complaint as Exhibit A.

8.      Following execution of the FPA, Jet It announced that it intended to begin acquiring different brand aircraft for its business operations.

9.      In an apparent attempt to spin some kind of justification for its decision to diversify its fleet, Jet It issued several statements that contain defamatory and disparaging comments about Honda Aircraft and the HondaJet brand.

10.     During this same approximate time period that Jet It issued these statements, Jet It continued affirmative efforts to acquire additional HondaJet aircraft.

11.     In addition to learning of Jet It's defamatory and disparaging comments about Honda Aircraft and the HondaJet brand, Honda Aircraft also has discovered that Jet It has breached the provisions of the FPA governing the resale, use, and control of the aircraft contemplated to be sold by Honda Aircraft to Jet It under the FPA.

12.     Honda Aircraft sells HondaJet aircraft directly to certain customers under certain terms and conditions.  Honda Aircraft also has a network of authorized salespersons, third party sales representatives, and independently owned dealerships to facilitate the sale of HondaJet aircraft to customers.  Honda Aircraft therefore has a strong and legitimate interest in ensuring that customers who acquire aircraft from Honda Aircraft use such aircraft, as contemplated in their respective agreements, for their own business operations and not for the unauthorized resale those aircraft to third parties.

13.     In furtherance of this interest, the FPA contains several provisions that require Jet It to use the HondaJet aircraft it purchases in connection with its own business operations, and which prohibit Jet It from reselling such aircraft in any way contrary to the

terms of the FPA.

14. Pursuant to the FPA, Jet It expressly agreed that it may not assign its rights under the FPA, directly or indirectly, except in certain limited circumstances and only upon the prior written consent of Honda Aircraft. (FPA § 18(c)).

15. Pursuant to the FPA, Jet It expressly agreed that it will not engage in speculation or any other attempted selling or marketing of the aircraft prior to delivery, and that the aircraft will be used by Jet It for Jet It's own use in connection with Jet It's business operations. (FPA § 18(c)).

16. Pursuant to the FPA, Jet It expressly agreed that it will not sell the aircraft, or advertise the aircraft for sale, to any unrelated third party for a period of one year after the delivery of each aircraft to Jet It. (FPA § 18(c)).

17. Pursuant to the FPA, Jet It expressly agreed that it is not licensed or permitted to resell the aircraft or otherwise act as a dealer, distributor, or broker of the aircraft, and the aircraft shall be used by Jet It solely for Jet It's own use or in connection with Jet It's business and operations, with the limited express exception that Jet It could transfer fractional ownership interests in the aircraft immediately following delivery as part of its fractional ownership program. (FPA § 18(d)).

18. On or about November 23, 2022, Honda Aircraft and Jet It closed on the sale and delivery of the first aircraft pursuant to the FPA, HondaJet aircraft serial number 42000236 ("Aircraft SN 236").

19. Prior to the delivery of Aircraft SN 236, Jet It provided Honda Aircraft a

copy of a Management Agreement indicating that Aircraft SN 236 would not be used in connection with Jet It's business and operations for at least one year as required by the FPA, but instead would be transferred to an individual third party who would have exclusive possession, command, and control of Aircraft SN 236.

20. Honda Aircraft objected to the above Management Agreement on November 22, 2022, which was the day before the scheduled delivery of Aircraft SN 236. Following Honda Aircraft's objection, Jet It provided Honda Aircraft a copy of a new and different Management Agreement indicating that Aircraft SN 236 would be made available for use by Jet It to conduct on-demand charter operations for a period of one year, in an apparent attempt to persuade Honda Aircraft that Jet It was in compliance with the FPA.

21. Jet It provided Honda Aircraft a copy of this new and different Management Agreement in order to induce Honda Aircraft to accept this transaction and move forward with the closing and delivery of Aircraft SN 236.

22. Since the closing and delivery of Aircraft SN 236, however, Honda Aircraft has received information causing it to believe that the new and different Management Agreement was a sham.

23. Upon information and belief, the third-party owner and Jet It had no intention of allowing Jet It to use Aircraft SN 236 for on-demand charter operations or otherwise as stated in the new and updated Management Agreement, and instead submitted the revised Management Agreement to Honda Aircraft solely to induce and ensure the closing and delivery of the aircraft occurred as scheduled.

24. Jet It's resale of Aircraft SN 236 to a third party is a material breach of the FPA and deprives Honda Aircraft of its right to receive the benefits of the FPA.

25. Given these issues and material breaches of the FPA, Honda Aircraft has informed Jet It that Honda Aircraft intends to terminate the FPA and that Honda Aircraft does not intend to deliver the remaining two aircraft contemplated under the FPA. Despite these issues and material breaches, however, Jet It contends that the FPA is not subject to termination and that Jet It is entitled to delivery of those remaining two aircraft.

## **FIRST CAUSE OF ACTION**
### **(Declaratory Judgment)**

26. Plaintiff realleges each and every allegation contained in the foregoing paragraphs of this Complaint, and incorporates each paragraph as if fully set forth herein.

27. Pursuant to Federal Rule of Civil Procedure 57 and the Federal Declaratory Judgments Act, 28 U.S.C. § 2201 *et seq.*, this Court has jurisdiction to declare the rights of parties seeking a declaration in any case of actual controversy within its jurisdiction.

28. As described more fully above, there is an actual and justiciable controversy between Honda Aircraft and Jet It concerning their respective rights and duties under the FPA executed between them.

29. The FPA between Honda Aircraft and Jet It is a binding and enforceable contract that is supported by valuable consideration.

30. In addition to the express terms of the FPA, the FPA contains an implied covenant of good faith and fair dealing that Jet It would not do anything which injures the

rights of the other to receive the benefits of the agreement.

31. Jet It has materially breached the express and implied terms of the FPA in several respects, including, but not limited to, by (1) reselling Aircraft SN 236 to a third party in violation of the FPA; and (2) providing Honda Aircraft false and/or misleading information to induce Honda Aircraft to deliver Aircraft SN 236.

32. The provisions of the FPA that Jet It has breached are material.

33. Pursuant to the FPA, the parties expressly agreed that if Jet It is in default or breach of any material term or condition of the FPA, Honda Aircraft has the express right to suspend performance of its obligations or terminate the FPA. (FPA § 13).

34. Pursuant to the FPA, the parties expressly agreed that upon termination of the FPA by Honda Aircraft due to Jet It's default or breach of any material term or condition of the FPA, all payments made by Jet It under the FPA shall be retained by Honda Aircraft as liquidated damages. (FPA § 13).

35. Because Jet It has defaulted on and materially breached the express and implied terms of the FPA, Honda Aircraft has the right to terminate the FPA and the right to not deliver the remaining two aircraft contemplated under the FPA.

36. Pursuant to the FPA, the parties further expressly agreed that even if Honda Aircraft were in default or breach of any material term or condition of the FPA, Jet It's sole and exclusive remedy shall be the right to terminate the FPA and the right to return of all payments made by Jet It for such aircraft without penalty or interest. (FPA § 13).

37. Although Honda Aircraft had no obligation to do so given Jet It's material

breach of the FPA, Honda Aircraft has initiated steps necessary for the return of all deposits and payments made by Jet It for the two aircraft that have not been delivered under the FPA.

38. Honda Aircraft therefore respectfully requests that this Court enter judgment declaring that (1) the FPA is a binding and enforceable contract; (2) Jet It has materially breached the express and implied terms of the FPA; (3) Honda Aircraft has the right to terminate the FPA; and/or (4) Honda Aircraft has the right to not deliver the remaining two aircraft contemplated under the FPA.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully set forth its allegations, Plaintiff Honda Aircraft respectfully requests that this Court enter judgment against Defendant:

1. Declaring that:

    a. the FPA is a binding and enforceable contract;

    b. Jet It has materially breached the express and implied terms of the FPA;

    c. Honda Aircraft has the right to terminate the FPA; and/or

    d. Honda Aircraft has the right to not deliver the remaining two aircraft contemplated under the FPA; and

2. For such other and further relief as the Court deems just and proper.

*< Signature on Following Page >*

This the 27th day of December, 2022.

/s/ Mark A. Stafford
Mark A. Stafford
N.C. State Bar No. 16835
Nelson Mullins Riley & Scarborough, LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Phone: 336-774-3333 / Fax: 336-774-3374
E-mail: mark.stafford@nelsonmullins.com


Steven A. McKelvey, Jr. *(L.R. 83.1(d) Notice of Special Appearance Forthcoming)*
steve.mckelvey@nelsonmullins.com
Steven B. McFarland, NC Bar No. 38350
steven.mcfarland@nelsonmullins.com
1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC  29201
(803) 799-2000

*Attorneys for Plaintiff*
*Honda Aircraft Company, LLC.*